UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN E BELL,

          Plaintiff,

v.

KING COUNTY et al.,,

          Defendants.

Case No. 2:22-cv-00387-JCC-TLF

ORDER

This matter comes before the Court on the following motions submitted by plaintiff :

   (1) Motion to Strike Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 33);

   (2) Second Motion to Strike Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 37);

   (3) Motion to Strike Defendants' Motion for Summary Judgment (Dkt. 50);

   (4) Plaintiff's First Motion to Compel (Dkt. 23); and

   (5) Plaintiff's Second Motion to Compel (Dkt. 52).

For the reasons discussed below, plaintiff's motions are DENIED.

## DISCUSSION

Plaintiff initiated this action on August 16, 2021 in King County Superior Court. Dkt. 1. The action was removed to the District Court on March 29, 2022. Dkt. 1. Plaintiff

ORDER - 1

asserts numerous claims under 42 U.S.C. § 1983 and state law, alleging violations of his Fourth, Eighth, and Fourteenth amendment rights, *Monell* liability, false arrest and imprisonment, and intentional infliction of emotional distress. Dkt. 2-1.

Pursuant to the Court's pretrial scheduling order, the parties were instructed to note all motions related to discovery for no later than November 18, 2022. Dkt. 18. The discovery period closed on December 2, 2022, and the parties were instructed to file and serve dispositive motions no later than January 5, 2023. *Id.* Plaintiff moved for summary judgment on October 13, 2022. Dkt. 19. Defendants responded to plaintiff's motion on October 28, 2022. Dkt. 26. Plaintiff has moved twice to strike defendants' response. Dkts. 33, 37. Defendants moved for summary judgment on November 4, 2022 (Dkt. 39), which plaintiff has also moved to strike. Dkt. 50. Both motions for summary judgment are pending before the Court.

A. <u>Plaintiff's Motions to Strike Defendants' Response to Motion for Summary Judgment</u>

Plaintiff argues that defendants' response should be stricken because the response was untimely filed and because the response exceeds the page limit without leave to file overlength brief. Dkt. 33. Plaintiff also argues that the Court should strike the response because plaintiff contends that the King County Sherriff Department has conducted subsequent blood test on the sample extracted from plaintiff after his arrest. Dkt. 37. Plaintiff states that he does not have access to the warrants for these subsequent blood tests. Dkt. 37.

Pursuant to Local Civil Rule 7(d)(3), for motions to summary judgment, "[a]ny opposition papers shall be filed and served no later than the Monday before the noting date. If service is by mail, the opposition paper shall be mailed not later than the Friday

ORDER - 2

preceding the noting date." The noting date for plaintiff's motion for summary judgment is November 4, 2022. Dkt. 19. Accordingly, defendants' response needed to be filed on or before October 31, 2022 and mailed on or before October 28, 2022. Defendant filed and mailed their opposition on October 28, 2022. Dkt. 26. Defendants' response was timely filed and mailed.

Pursuant to Local Civil Rule 7(e)(3), oppositions to motions for summary judgment must not exceed twenty-four pages – not including captions, tables of contents, tables of authorities, signature blocks, and certification of service. LCR 7(e)(3); LCR 7(e)(6). Defendants' response to plaintiff's motion for summary judgment is eighteen pages. The opposition does not exceed the page limit set forth in the local rules.

Plaintiff's complaint alleges that the defendants violated plaintiff's rights by arresting plaintiff, obtaining a warrant for a blood draw, drawing plaintiff's blood on the night of his arrest and refusing to reimburse plaintiff for impounding plaintiff's vehicle. Plaintiff's complaint does not allege that the defendants conducted any subsequent illegal searches, blood draws or blood tests after the initial blood draw. Plaintiff raises this issue for the first time in opposing defendants' motion for summary judgment. These allegations of additional searches are not part of plaintiff's complaint and therefore not properly before the Court on plaintiff's motion for summary judgment.

Based on the foregoing, plaintiff's motions to strike defendants' response in opposition to plaintiff's motion for summary judgment are DENIED. Dkt. 33, 37.

B. <u>Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment</u>

Plaintiff filed this motion pursuant to Federal Rule of Civil Procedure 12(f). Dkt. 50. Plaintiff argues that plaintiff's arrest was illegal and the King County Superior Court never had proper jurisdiction over plaintiff's criminal case. Dkt. 50 at 1-4. Accordingly, plaintiff contends that the motion for summary judgment should be stricken for being scandalous matter. Dkt. 50 at 4.

The function of Fed. R. Civ. P. 12(f) is to avoid wasting time and money litigating spurious issues -- by dismissing those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). The language of Rule 12(f) limits its applications to defenses in a pleading. Fed. R. Civ. P. 12(f). A pleading is defined as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7. If the motion is directed to one of these pleadings, then the Court analyzes whether the issue sought to be stricken is: "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone, Inc,* 618 F.3d at 973-74.

Plaintiff moves to strike defendants' motion for summary judgment. A motion for summary judgment is not considered a pleading under Fed. R. Civ. P 7. Accordingly, Fed. R. Civ. P. 12(f) is inapplicable, and plaintiff's motion to strike is DENIED. Dkt. 50.

C. <u>Plaintiff's Motions to Compel</u>

Pursuant to Fed. R. Civ. P. 37 a party may move for an order compelling a party to appropriately respond to discovery when a party fails to produce documents or permit

ORDER - 4

inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party to serve on another party a request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 33, the purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." *Soria v. Oxnard Sch. Dist. Bd of Trs.*, 488 F.2d 579, 587 (9th Cir. 1973). If the responding party objects, any objection must be plain and specific, to allow the court to understand the specific objectionable characteristic being asserted by the responding party. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). According to Fed. R. Civ. P. 34, requests for production, including requests for electronically stored information (ESI) and tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*.

A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum &*

ORDER - 5

*Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id*. Additionally, the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

A district court has broad discretion to grant or deny a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Fed. R. Civ. P. 26(b)(2)(C), the Court is required to limit the frequency or extent of discovery if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the requesting party "has had ample opportunity to obtain the information by discovery in the action," or if the requesting party is seeking information that is outside of the scope of discovery under Rule 26(b)(1).

I. <u>Plaintiff's First Motion to Compel</u>

Plaintiff's first motion requests a Court order compelling the following documents from defendants: (1) the Declaration in Support of Search Warrant for Evidence of a Crime; (2) the name and badge number of the King County Sheriff's Office ("KCSO") backup deputy on August 31, 2019 after 11:07:27 p.m. that conducted the inventory search of Plaintiff's vehicle; (3) the name and badge number of each officer or civilian who was present during the blood draw at King County unincorporated precinct 4; (4) surveillance video at unincorporated precinct 4; and (5) in-car video of the KCSO backup deputy on August 31, 2019.

With respect to plaintiff's first two requests, defendants state that they have already provided responsive documents and have responded in full. *See* Dkt. 48 (Declaration of Erica Brunette) at ¶ 3. It is plaintiff's burden to show that defendants' responses were incomplete, and he has failed to do so here. *See Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976). Therefore, plaintiff's motion to compel (1) the Declaration in Support of Search Warrant for Evidence of a Crime and (2) the name and badge number of the KCSO backup deputy on August 31, 2019 after 11:07:27 p.m. that conducted the inventory search of Plaintiff's vehicle is DENIED.

Similarly, with respect to plaintiff's request of the names and badge numbers of each officer or civilian who was present during the blood draw at King County unincorporated precinct 4, defendants have responded with the information that is within their custody. Dkt. 47 at 3. They identified Dep. Stephens, Phlebotomist Erin Hilliard, and a security guard. *Id.* Defendants further informed plaintiff that any additional information would have to come from Highline Hospital, where plaintiff's blood was drawn; Highline Hospital is the custodian of their own records. *Id.* Plaintiff has not shown that defendants' response was incomplete or that they are withholding responsive information. Thus, plaintiff's motion to compel the names and badge numbers of each officer or civilian who was present during the blood draw at King County unincorporated precinct 4 is DENIED.

Finally, plaintiff requests surveillance video from unincorporated Precinct 4 and in car video for the backup KCSO deputies. Defendants have informed plaintiff that while unincorporated Precinct 4 did have video surveillance for their hallways in 2019, that surveillance had a retention period of 20-25 days before it was overwritten. Thus, that

ORDER - 7

video surveillance is no longer available. Further, defendants informed plaintiff that in 2019, KCSO deputies did not have in-car video capabilities. Defendants are only required to produce records within their "possession, custody or control," and it is plaintiff's burden of proving that defendants have possession of the information requested. *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). Plaintiff has not met this burden here. Plaintiff does not identify any basis for a belief that any of the requested video surveillance evidence exists and is being withheld. Therefore, plaintiff's motion to compel the surveillance video at unincorporated precinct 4 and in-car video of the KCSO backup deputy on August 31, 2019 is DENIED.

II. Plaintiff's Second Motion to Compel

Plaintiff filed his second motion to compel on November 28, 2022. Dkt. 52. Plaintiff's motion is untimely as the Court, on August 26, 2022, informed the parties that discovery motions should be noted for no later than November 18, 2022, so that the responding party could answer by the discovery cut-off -- December 2, 2022. Dkt. 18. Plaintiff's motion was noted for December 16, 2022. Plaintiff has not shown good cause for extending the discovery period. Nor did plaintiff make a timely request to the Court to extend the deadline to file discovery-related motions. Thus, plaintiff's motion to compel is DENIED as untimely[1].

---

[1] Plaintiff appears to be requesting an order compelling defendants to produce the following documents: (1) the search warrant signed by Judge Nathanial Green Jr., on September 1, 2019; (2) the declaration in support of this search warrant; and (3) the return of the search warrant. Dkt. 52. While the Court denies plaintiff's motion as untimely, it appears that defendants have already provided plaintiff with the requested documents, and plaintiff attached such documents to his own summary judgment motion. Dkt. 52-1 at 2; Dkt. 19-1 at Exhibits 1-3.

ORDER - 8

## ORDER

For the reasons discussed above, the Court ORDERS as follows:

Plaintiff's Motion to Strike Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 33); Second Motion to Strike Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 37); Motion to Strike Defendant's Motion for Summary Judgment (Dkt. 50); Plaintiff's First Motion to Compel (Dkt. 23); and Plaintiff's Second Motion to Compel (Dkt. 52) are DENIED.

Dated this 24th day of January, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 9