THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KING COUNTY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C22-0387-JCC-TLF<br><br>ORDER |

This matter comes before the Court on Plaintiff's second motion for reconsideration (Dkt. No. 77) of this Court's order adopting the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge, ("Order") (Dkt. No. 73), recommending this Court GRANT Defendants' summary judgement motion, (Dkt. No. 39), DENY Plaintiff's summary judgement motion, (Dkt. No. 19), and DISMISS all Plaintiff's claims with prejudice. Having thoroughly considered the relevant record, the Court hereby DENIES the reconsideration motion for the reasons explained herein.

Motions for reconsideration are generally disfavored. LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to

rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when they file "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And while *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they are not excused from making proper objections, *see, e.g., Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *See, e.g., United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010).

Although Plaintiff cites the relevant legal standard for motions to reconsider, (Dkt. No. 77 at 6), he spends the bulk of his motion merely reiterating arguments that were already considered and rejected by the Court. (*Compare* Dkt. No. 77 at 6–9, *and* Dkt. Nos. 75 at 2–4; 70 at 3; 69 at 4–7.) Plaintiff fails to provide even general objections to the R&R, let alone specific ones. In fact, the only argument directed at the R&R is a conclusory legal statement: "the Court committed clear error and has engaged in manifest injustice in its granting of the Defendant's summary judgement." (Dkt. No. 77 at 6.) Plaintiff provides no facts or legal authority to support this claim.

Accordingly, Plaintiff's second motion for reconsideration (Dkt. No. 77) is DENIED.

//
//
//
//

1   DATED this 2nd day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE